# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6347 | **DATE** | Jan. 15, 2003 |
| **CASE TITLE** | Dean A. Dickie  v  Cannondale Corp., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

Memorandum opinion and order entered. Accordingly, defendant's motion to vacate plaintiff's notice of dismissal filed pursuant to F.R.C.P. 41(a)(1)(i) is granted, and plaintiff's request for voluntary dismissal without terms and conditions pursuant to F.R.C.P. 41(a)(2) is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | JAN 16 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 57 |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DEAN A. DICKIE, )
)
       Plaintiff, )
) No. 01 C 6347
v. )
) Judge Robert W. Gettleman
CANNONDALE CORPORATION and WELLGO )
CORPORATION, )
)
       Defendants. )

### MEMORANDUM OPINION AND ORDER

Plaintiff Dean A. Dickie has sued defendant Cannondale Corporation and Wellgo Corporation for product liability, alleging that while riding a bicycle manufactured by defendant Cannondale ("defendant")[1], he was involved in an accident causing him to be thrown forward over the handlebars landing on his hip, with his foot remaining in the pedal. The complaint alleges that the pedal was defective. On October 1, 2002, plaintiff filed a notice of voluntary dismissal without prejudice purportedly pursuant to Fed. R. Civ. P. 41(a)(1)(i). Defendant has moved to vacate that notice of dismissal. For the reasons set forth below, the motion is granted.

### Procedural History

Plaintiff filed this action on August 16, 2001. Defendant moved to dismiss one month later on September 20, 2001. Four days later, plaintiff filed an amended complaint, which defendant then answered. After completing plaintiff's deposition, and taking the deposition of plaintiff's treating physician, defendant moved for summary judgment on Count I (strict liability) of plaintiff's amended complaint.

---

[1] Defendant Wellgo was named in the Second Amended Complaint and has not yet been served.

In a joint status report dated October 24, 2001, the parties agreed to a fact and expert discovery schedule, requiring plaintiff to disclose expert witnesses and reports by May 19, 2002. Because plaintiff failed to comply with this order and failed to request an extension, defendant moved (before Magistrate Judge Mason, to whom discovery matters had been referred) to bar plaintiff from naming an expert. That motion was fully briefed, and on August 7, 2002, Magistrate Judge Mason entered an order granting the motion an barring plaintiff from naming experts against defendant Cannondale. Plaintiff filed objections to the magistrate's order on August 21, 2002. On August 27, the court granted plaintiff's previously filed motion for leave to file a second amended complaint. Plaintiff's objections to the magistrate judge's order barring plaintiff from naming an expert was responded to by defendant on December 20, 2002, and plaintiff then filed a request for an extension of time to file his reply brief. Instead of filing a reply brief, however, on October 1, 2002, plaintiff filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(i).

## Discussion

Fed. R. Civ. P. 41(a)(1)(i) provides a simple, self-executing method for achieving dismissal of an action. It provides, in relevant part:

> ... an action may be dismissed by the plaintiff without order of the court (i) by filing notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, . . ..

As is clear from the plain wording, unilateral dismissal is precluded only when an answer or summary judgment motion has been filed. "The purpose of Rule 41(a)(1)(i) is to fix the point at which the resources of the court and the defendant are so committed that dismissal without preclusive consequence can no longer be had as of right." In re: Piper Aircraft Distribution Sys.

Antitrust Litig., 551 F.2d 213, 220 (8th Cir. 1977). The Rule is "designed to permit a disengagement of the parties at the behest of the plaintiff only in the early stages of a suit, before the defendant has expended time and effort in the preparation of his case." See Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F.2d 105, 107 (2d Cir. 1953).

Defendant has satisfied this bright line test by answering and moving for summary judgment on the first amended complaint, well before the second amended complaint was filed. The fact that plaintiff sought and was granted leave to file a second amended complaint adding additional claims against plaintiff and additional parties, does not act to revive plaintiff's right to unilateral dismissal without prejudice. The only inquiry is whether defendant has answered or moved for summary judgment. It has done both. See Total Containment, Inc. v. Aveda Manufacturing Corp., 1990 WL 171518 at *3 (E.D. Pa. 1990). To hold otherwise, as plaintiff requests, would defeat the purpose of the rule. Filing the second amended complaint, which added additional claims against defendant, served only to increase plaintiff's burden, not decrease it. See Armstrong v. Frostie Co., 453 F.2d 914, 916 (4th Cir. 1971). Accordingly, defendant's motion to vacate the notice of dismissal is granted.

In his brief, plaintiff suggests that if dismissal by notice under Rule 41(a)(1)(i) is unavailable to him, the court should dismiss the case without prejudice under Rule 41(a)(2), which allows the court, upon a plaintiff's request, to dismiss a case "upon such terms and conditions as the court the deems proper." Fed. R. Civ. P. 41(a)(2). Plaintiff requests that no terms and conditions be imposed.

Defendant argues that dismissal without any conditions imposed is inappropriate in light of plaintiff's actions in this case. Specifically, defendant argues that plaintiff's attempt to

dismiss the case is simply an end-run around the magistrate judge's order barring plaintiff from naming an expert witness, an order that was a direct result of plaintiff's failure to comply with this court's previous discovery order.

As requested by plaintiff in his response brief, the court treats plaintiff's brief as a motion for voluntary dismissal without prejudice and without terms and conditions pursuant to Fed. R. Civ. P. 41(a)(2). That motion is denied. The court agrees with defendant that plaintiff's attempted notice of dismissal appears to be motivated by a desire to avoid the obvious consequences of the magistrate judge's order barring his use of an expert witness. Regardless of plaintiff's motivation, however, plaintiff has caused defendant extensive, unnecessary work in prosecuting the motion to bar and supporting memorandum before the magistrate judge, and preparing the memorandum in opposition to plaintiff's objections filed with this court. That work would be for naught if plaintiff is allowed simply to dismiss the instant suit and refile it at a later date, as he says he intends to do. Accordingly, the court declines to exercise its discretion to dismiss this case without any terms and conditions. Because plaintiff has indicated a reluctance to accept any terms and conditions, any attempted imposition of a term or condition by this court would be involuntary and subject to rejection by plaintiff. See Woodzicka v. Artifiex, Ltd., 25 F. Supp. 2d 930, 937 (E.D. Wisc. 1998); 7th Chas. A. Wright & Arthur R. Miller, Federal Practice and Procedure, Civil § 2366 p. 303. Accordingly, plaintiff's motion for voluntary dismissal without terms and conditions pursuant to Fed. R. Civ. P. 41(a)(2) is denied.

## Conclusion

For the reasons set forth above, defendant's motion to vacate plaintiff's notice of dismissal filed pursuant to Fed. R. Civ. P. Rule 41(a)(1)(i) is granted, and plaintiff's request for voluntary dismissal without terms and conditions pursuant to Fed. R. Civ. P. 41(a)(2) is denied.

**ENTER:** January 15, 2003

_____
Robert W. Gettleman
United States District Judge